Citation Nr: AXXXXXXXX
Decision Date: 06/30/21 Archive Date: 06/30/21

DOCKET NO. 200504-86151
DATE: June 30, 2021

ORDER

Entitlement to service connection for posttraumatic stress disorder (PTSD) with depression is granted.

FINDING OF FACT

Resolving doubt in his favor, the Veteran has a diagnosis for PTSD with depression, and it is related to his service.

CONCLUSION OF LAW

The criteria for entitlement to service connection for PTSD with depression have been met. 38 U.S.C. §§ 1131, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.304.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from September 1960 to October 1963.

This case comes before the Board of Veterans' Appeals (Board) on appeal of a February 2020 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO). The Veteran filed a timely VA Form 10182 appealing the February 2020 rating decision. The Veteran selected the Board's hearing lane docket. The Veteran and his wife testified before the undersigned Veterans Law Judge in a March 2021 hearing. 

Service connection 

Service connection requires competent evidence showing: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

Service connection for PTSD specifically requires that the record show: (1) a current medical diagnosis of PTSD in accordance with 38 C.F.R.§ 4.125, (2) combat status or credible supporting evidence that the claimed in-service stressor actually occurred; (3) medical evidence of a causal nexus between diagnosed PTSD and the claimed in-service stressor. 38 C.F.R. § 3.304(f).

The evidence required to support the occurrence of an in-service stressor varies depending on whether the Veteran was engaged in combat with the enemy. If the evidence establishes that a Veteran engaged in combat with the enemy and the claimed stressor is related to that combat, in the absence of clear and convincing evidence to the contrary, and provided that the claimed stressor is consistent with the circumstances, conditions, or hardships of such Veteran's service, his lay testimony alone may establish the occurrence of the claimed in-service stressor. 38 U.S.C. § 1154 (b); 38 C.F.R. § 3.304 (f).

If a stressor claimed by a Veteran is related to that Veteran's fear of hostile military or terrorist activity and a VA psychiatrist or psychologist, or a psychiatrist or psychologist with whom VA has contracted, confirms that the claimed stressor is adequate to support a diagnosis of PTSD and that a Veteran's symptoms are related to the claimed stressor, in the absence of clear and convincing evidence to the contrary, and provided the claimed stressor is consistent with the places, types, and circumstances of that Veteran's service, a Veteran's lay testimony alone may establish the occurrence of the claimed in-service stressor. 38 C.F.R. § 3.304 (f)(3).

If there is an approximate balance of positive and negative evidence regarding the merits of an issue material to the determination of the matter, the benefit of the doubt in resolving each such issue shall be given to the claimant. 38 U.S.C. § 5107; 38 C.F.R. § 3.102. When all of the evidence is assembled, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the appellant prevailing in either event, or whether a fair preponderance of the evidence is against the claim, in which case the claim is denied. Gilbert v. Derwinski, 1 Vet. App. 49, 53-56 (1990).

Entitlement to service connection for PTSD

The Veteran contends that he is entitled to service connection for PTSD due to his active service.

The Veteran was afforded a VA PTSD examination in February 2020. The examiner noted no Diagnostic and Statistical Manual of Mental Disorders (DSM-V) diagnosis of PTSD. The examiner found the Veteran had exposure by directly experiencing a traumatic event and witnessing, in person, the event. The examiner indicated the presence of recurrent, involuntary, and intrusive distressing memories of the traumatic event and recurrent distressing dreams in which the content and/or affect the dreams are related to the traumatic event. The examiner also noted irritable behavior and angry outburst typically expresses as verbal or physical aggression toward people or objects and sleep disturbances. 

In the February 2020 rating decision, the VA made a favorable finding of a conceded stressor based on receipt of a combat medal. The RO also found that the evidence did not show a confirmed diagnosis of PTSD, which would have permitted a finding of service connection. See February 2020 rating decision. 

In the March 2021 hearing, the Veteran testified he had memories, nightmares, and flashbacks. The Veteran also stated he didn't like to do much of anything anymore and felt isolated. The Veteran stated that he felt irritable and aggressive constantly. The Veteran's wife testified that the Veteran has had nightmares. The Veteran's wife stated that the Veteran erupts into arguable status in a loud way. 

Within the 90-day evidence window after the March 2021 hearing, the Veteran submitted VA records. The VA records show a DSM-V diagnosis of PTSD and persistent depressive disorder by a VA psychologist in March 2021. The Veteran was noted as having high motivation for treatment and that he was receiving mental health services at the Vet Center. 

As mentioned previously, the Veteran's PTSD claim was previously denied by the RO based upon there being no current diagnosis. New medical records in the claims file reflect the Veteran's DSM-V diagnosis of PTSD made by a VA psychologist. 

Resolving reasonable doubt in the Veteran's favor, the Board finds that the Veteran has a current diagnosis of PTSD made by a VA psychologist, a conceded stressor, and his PTSD is related to his service. All three elements necessary for a grant of service connection have been met, and the appeal is granted. See 38 U.S.C. § 5107; Gilbert, 1 Vet. App. at 53-56.

 

 

A. C. MACKENZIE

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board D. Hetman

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.